IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHELLEY WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-19-3340 |
| PUMA NORTH AMERICA, INC., | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

This Memorandum Opinion addresses Defendant PUMA North America, Inc.'s ("PUMA") Motion to Dismiss ("Motion") (ECF No. 25).[1] Plaintiff Shelley Williams ("Williams") has not responded to the Motion and the time for doing so has passed. For the reasons set forth below, PUMA's Motion will be granted and the case will be dismissed with prejudice.

**I.    PROCEDURAL HISTORY**

Williams brought this case against her former employer, PUMA, to recover for alleged race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 and 42 U.S.C. § 1981; alleged race and gender discrimination in violation of Md. Code, State Gov't § 20-601, *et seq.*; and retaliation in violation of Title VII and Maryland law. ECF No. 3. A scheduling order was entered on December 19, 2019 and a discovery deadline of May 11, 2020 was established. ECF No. 16. By joint request of the parties, the discovery deadline was extended to July 10, 2020. ECF No. 18.

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment. ECF No. 15.

On July 10, 2020, Williams's former counsel filed a motion to withdraw from his representation. ECF No. 19. In his motion, counsel explained that the attorney-client relationship had suffered a "substantial breakdown" resulting in an inability of counsel to communicate with Williams. *Id.* at 1. The motion also explained that Williams had "refused to complete her deposition on July 8, 2020, despite counsel's insistence that she fully participate and cooperate." *Id.* The motion explained that counsel had notified Williams of his intention to withdraw and that Williams confirmed receipt of the notification. *Id.* The Court granted the motion to withdraw on July 16, 2020. ECF No. 22. The Court sent notice to Williams that if she did not retain an attorney she would be required to represent herself in this case. ECF No. 24. The Court also sent notice to Williams that PUMA had filed a motion to dismiss and that she had a right to respond to it.[2] ECF No. 26.

## II. Analysis

In its Motion, PUMA seeks an order dismissing this case with prejudice pursuant to Fed. R. Civ. P. 37(d) and 41(b). ECF No. 25-1 at 3. PUMA's motion is based on Williams's flagrant and repeated discovery violations.

### A. Discovery Violations

During discovery, on January 31, 2020, PUMA served interrogatories and document production requests on Williams. ECF No. 25-1 at 5. Williams's responses were initially due by March 4, 2020, but PUMA agreed to her requests for several extensions of this deadline. Williams served responses to the discovery requests on March 24, 2020, but PUMA was not satisfied that

---

[2] The Court mailed copies of these notices to Williams at every address for her that the Court could find. Some, but not all, of the notices were returned as undeliverable. Three months have now passed since the Court sent these notices to Williams and she still has not responded.

2

the responses were sufficient. *Id.* PUMA requested that Williams cure the deficiencies at least fourteen times. *Id.* at 26. According to PUMA, Williams never did so.

Williams's deposition was conducted remotely via Zoom on July 8, 2020. ECF Nos. 25-1 at 8; 25-10. During her deposition, Williams was evasive, refusing to answer even basic questions posed to her by PUMA's counsel. Williams refused to provide her middle name, address history, employment history, phone number, and educational background. *See* ECF No. 25-1 at 8, 12. Williams refused to review and produce thousands of text messages relevant to PUMA's defenses. *Id.* at 10. She responded "I don't recall" to many questions in an effort to obstruct PUMA's attempts to obtain relevant discovery. *Id.* at 11. She told PUMA's counsel "that's your job" and "you figure that out" instead of responding to simple questions. *Id.* at 15. When PUMA's counsel warned her that her obstructive conduct would result in PUMA filing a motion with the Court to seek relief, Williams threatened that if they filed such a motion they would "get a visit from some people you don't want to visit you." *Id.* at 13. Williams insulted PUMA's counsel and called them obscene names. *Id.* at 17. Throughout the deposition, PUMA's counsel warned Williams that it would seek dismissal of her case as a sanction for her refusal to cooperate in discovery. ECF No. 25-10 at 17, 46.

Before PUMA's counsel had finished questioning Williams, and before the seven-hour time limit of Fed. R. Civ. P. 30(d) had expired, Williams abruptly left the deposition, terminating the deposition before it was complete. *Id.* at 16. PUMA's counsel made the following record at the time:

> [T]he time is now 3:24 p.m. Ms. Williams -- we had broken to take a brief break from the deposition. But she has informed her attorney that she will not be returning and she does not agree to continue with the deposition, although I have further questions. Under the circumstances, I have let counsel know that I intend to file a motion with the court seeking [relief] based upon the fact that discovery closes in two days from now on July 10. And there are documents that have been requested

>in discovery that I don't have. And Ms. Williams is now refusing to continue with the conclusion of the deposition.

*Id.* at 65.

Williams has not participated in this case since the time that she left her deposition. She has not produced the discovery to PUMA that is outstanding, she has not responded to PUMA's Motion, and she has taken no steps to represent herself even though she is aware that she is without counsel.

### B.      Case-Dispositive Sanctions are Warranted

Rule 37(d) provides that the Court may sanction a party that fails to appear for their deposition, or that fails to serve responses to discovery requests under Rule 33 and Rule 34. 8B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2291 (3d ed. Oct. 2020 Update) ("Rule 37(d) allows the imposition of sanctions against a party for especially serious disregard of the obligations imposed by the discovery rules even though it has not violated any court order."). The types of sanctions available include dismissal of the plaintiff's case. Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3). The Court also has the authority to dismiss cases under Rule 41(b) "[i]f the plaintiff fails to prosecute or comply with . . . a court order." *See also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993) ("[W]hen a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action."). Rule 37 and Rule 41(b) are part of the Court's "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991).

The Fourth Circuit has "developed a four-part test for a district court to use when determining what sanctions to impose" under Rule 37. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001); *see also Rangarajan*, 917 F.3d 218, 226 (4th Cir. 2019)

4

(discussing similar factors courts must consider prior to dismissal under Rule 41(b)). Because "[t]he legal standard for dismissals under Rule 37 is virtually the same as that for dismissals for failure to prosecute under Rule 41," *Carter v. Univ. of W. Virginia Sys., Bd. of Trustees*, 23 F.3d 400 (4th Cir. 1994) (unpublished), courts combine the analysis of the question whether dismissal is appropriate under Rules 37(d) and 41(b). *Taylor v. Fresh Fields Markets, Inc.*, No. 94-0055-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996), *aff'd*, 112 F.3d 510 (4th Cir. 1997). The Court must consider:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

*Id.*

The Court finds that Williams's misconduct at her deposition, most notably the fact that she terminated the deposition before it was complete, is tantamount to her not appearing for her deposition at all. *See* Fed. R. Civ. P. 37(d); *see also Hajjar-Nejad v. George Washington Univ.*, No. 10-626-CKK, 2013 WL 178729, at *3 (D.D.C. Jan. 16, 2013) (sanctioning a party pursuant to Rule 37(d) for leaving his deposition early); *In re Fannie Mae Sec. Litig.*, No. 04-1639-RJL, 2011 WL 833349, at *2 (D.D.C. Mar. 8, 2011) (sanctioning a party pursuant to Rule 37(d) for the premature termination of their deposition). Williams refused to provide non-evasive and truthful answers to the questions asked of her by PUMA's counsel. She insulted PUMA's counsel and obstructed PUMA's attempts to obtain discovery. And ultimately, she abandoned the deposition before it had concluded and has not prosecuted her case since that time. Accordingly, Sanctions are warranted pursuant to Rules 37(d) and 41(b).

The Court also considers Williams's failure to produce complete responses to PUMA's discovery requests pursuant to Rules 33 and 34. Although the Court does not find that Williams's

5

failure to produce written discovery responses is an independent basis for dismissal with prejudice, *see* 8B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2291 (3d ed. Oct. 2020 Update) ("The provisions of Rule 37(d) with regard to interrogatories do not apply for anything less than a serious or total failure to respond."), the failure to provide complete discovery responses demonstrates Williams's bad faith throughout the discovery period and her intention to stop prosecuting this case.

Here, all factors weigh in favor of dismissal with prejudice. With regard to the first factor, Williams has acted in bad faith and is personally responsible for her conduct. "Bad faith can be established by 'noncompliance [or] haphazard compliance . . . [with] discovery orders.'" *LeCompte v. Manekin Constr., LLC*, 573 B.R. 187, 195 (D. Md.), *aff'd,* 706 F. App'x 811 (4th Cir. 2017) (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989)). In addition, "a party's failure to provide a satisfactory reason why its discovery responses were not timely" is further evidence of bad faith. *Id.* (internal quotation marks omitted).

Throughout discovery, Williams has failed to produce discovery responses to PUMA and to cure her responses that were deficient. PUMA was diligent in seeking Williams's discovery responses, as is evident by PUMA's repeated emails to Williams's counsel and its questions of Williams at her deposition. Williams's failure to produce complete responses to PUMA's interrogatories and document production requests, even after being repeatedly requested to do so, is evidence of her bad faith.

Her bad faith is also evident from her conduct at the deposition. As summarized above, Williams's answers to PUMA's questions were evasive and non-responsive. Her conduct demonstrated a disdain for the orderly process envisioned in the Federal Rules of Civil Procedure and a contempt for the civility standards set forth in the Court's Local Rules. She personally

attacked and threatened PUMA's counsel. She refused to answer basic questions. She persisted in this conduct even though she was warned that if she continued to obstruct PUMA's discovery efforts PUMA would seek to have her case dismissed. Ultimately, Williams terminated the deposition before it was complete. Williams explained that PUMA's counsel was "getting on [her] fucking nerves" and that PUMA's counsel was "asking [her] bullshit." ECF No. 25-10 at 64. These were not legitimate reasons for Williams to terminate her deposition and they demonstrate that she did so in bad faith.

A review of the deposition transcript indicates that Williams is the only person to blame for her misconduct. Williams's former counsel did not engage in any misconduct at the deposition and apparently attempted to get Williams to comply with her discovery obligations. And importantly, Williams was warned that her misconduct could result in sanctions against her, including the dismissal of her case. *See Rangarajan*, 917. F.3d at 225 (noting that "giving notice [of potential sanctions] is an aspect of fairness in procedure that might relate to the ultimate fairness of imposing any sanction").

Regarding the second factor, PUMA has suffered significant prejudice because its discovery requests are directed to the issues of liability and damages in this case. Without the discovery that it seeks from Williams, PUMA is hampered in its ability to prepare a defense. PUMA denies that it unlawfully discriminated against Williams, or that it unlawfully retaliated against her for engaging in protected activity. As such, the discovery that PUMA seeks will be crucial to its defense. Williams has refused to provide even basic information, and her refusal is apparently based on nothing more than an annoyance with the civil litigation process and a dislike of PUMA and its counsel. Williams brought this case against PUMA and she has the obligation to

prosecute it in compliance with the discovery rules. Her failure to do so cannot be excused. I find that PUMA has been prejudiced by Williams's misconduct.

As to the third factor, there is a need to deter Williams and future litigants from defying the discovery rules and from abandoning litigation that they initiate. If Williams had simply complied with the Federal Rules of Civil Procedure by producing her discovery responses and answering questions truthfully and non-evasively during her deposition, her case could have proceeded to dispositive pretrial motions and possibly trial in an orderly fashion. But Williams flouted the rules, insulted opposing counsel, and abandoned the very lawsuit that she initiated. Williams's refusal to cooperate in discovery is the sort of conduct must be deterred. Such misconduct undermines the ability of litigants to obtain the information necessary to defend or prosecute their cases, which in turn "seriously undermine[s] the truth-seeking function of the Court." *Rangarajan*, 917 F.3d at 227 (internal quotation marks omitted).

Regarding the fourth factor, Williams's conduct demonstrates that sanctions less severe than dismissal will be ineffective. Williams brought this case, then proceeded to ignore her discovery obligations even after she was warned that dismissal could result from her misconduct. "Where a litigant has ignored an express warning that noncompliance . . . will result in dismissal, the district court should dismiss the case." *Tam Anh Pham v. Deutsche Bank Nat. Trust Co.*, 583 F. App'x 216, 217 (4th Cir. 2014) (citing *Ballard*, 882 F.2d 93, 95-96 (4th Cir. 1989)). After PUMA filed its Motion seeking case-dispositive sanctions, Williams did not even file a response. Williams's misconduct has compromised PUMA's ability to contest its liability and make a basic defense against Williams's claims for damages. In addition, PUMA has been forced to expend substantial time at likely significant expense getting Williams to comply with her basic discovery obligations. Williams's misconduct has also resulted in the Court having to expend resources

(which are already strained due to the ongoing COVID-19 pandemic) on this case. This is time that the Court was unable to spend on other cases where litigants have complied with the governing rules.

Dismissal with prejudice will not repay PUMA for the time it spent attempting to get Williams to comply with her discovery obligations, and in that sense it is an insufficient sanction. But dismissal with prejudice will ensure that Williams is unable to refile her claims against PUMA. This will save PUMA the future expense of defending itself against a litigant who does not comply with the rules and has disregard for the authority of the Court. Dismissal with prejudice is the only sanction that will be effective.

For the same reasons as set forth above, dismissal with prejudice is also warranted under Rule 41(b). *See Rangarajan*, 917 F.3d at 226. While "dismissal is not a sanction to be invoked lightly," it is warranted in this case. Williams is personally responsible for her failure to comply with the discovery rules and her abandonment of this litigation, PUMA has been prejudiced, there is a need to deter this sort of misconduct in the future, and no sanction less drastic than dismissal with prejudice will be effective. *Id.* In addition, in light of the seriousness of Williams's flouting of the discovery rules and abandonment of the lawsuit that she initiated, a less severe sanction could "place[] the credibility of the court in doubt and invite[] abuse." *Ballard*, 882 F.2d at 95-96.

### III. CONCLUSION

For these reasons, PUMA's Motion (ECF No. 25) will be granted. A separate Order dismissing the case with prejudice will accompany this Memorandum Opinion. The Clerk of Court will be directed to mail a copy of this Memorandum Opinion and the accompanying Order to Williams at the address currently on file with the Court.

<u>November 12, 2020</u>                                          <u>        /s/                        </u>
Date                                                                              Timothy J. Sullivan
                                                                                      United States Magistrate Judge